UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:08-CR-441-T-17MAP

PHILIP WILLIAM COON.

_____/

ORDER

This cause is before the Court on:

    Dkt. 12 Motion to Have Coast Bank Borrowers Recognized as Crime Victims Pursuant to 18 U.S.C. Sec. 3771
    Dkt. 15 Objection to Report and Recommendation
    Dkt. 16 Motion for Disclosure of Portions Of Pre-Sentence Report

In the Information (Dkt. 1) filed in this case, Defendant Philip William Coon is charged under 18 U.S.C. Sec. 371 (conspiracy to commit offense or to defraud United States), the offenses being 18 U.S.C. Sec. 1343 (fraud by wire, radio, or television), 18 U.S.C. Sec. 1346 (definition of "scheme or artifice to defraud"), and 18 U.S.C. Sec. 1957 (money laundering). The Government seeks a forfeiture money judgment in the amount of $1,528,616.46, the proceeds obtained as a result of the conspiracy to commit wire fraud, the forfeiture of property as listed in the Information, and a forfeiture of substitute property.

Defendant Coon entered into a plea agreement with the United States of America (Dkt. 3), pursuant to Fed.R.Crim.P. 11(c). The assigned Magistrate Judge conducted a hearing on November 5, 2008

Case No. 8:08-CR-441-T-17MAP

on Defendant's guilty plea (Dkt. 13), and has entered a Report and Recommendation (Dkt. 11).

    Fed.R.Crim.P. 11(c) provides:

> (c) **Plea Agreement Procedure.**
> (1) **In General.** An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. **The Court must not participate in these discussions.** (Emphasis added).
>
> . . . . .
>
> (f) The admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410.

Pursuant to Federal Rule of Criminal Procedure 11(c) only the Government and Defendant's counsel may discuss and reach a plea agreement. The Court's role is limited to accepting or rejecting the plea agreement reached.

    The Information filed by the Government is based on Defendant's participation in a conspiracy to commit wire fraud and, thereby, to deprive an entity, Coast Bank, Defendant's then-employer, of the intangible right of honest services. The Coast Bank borrowers are not crime victims in this case-only Coast Bank is.

    Only the Government decides what to include in an Information. The Court understands that the individual borrowers want the Government to pursue a different case than the current case before the undersigned, but that decision is solely within authority of the U.S. Attorney's office. The individual

2

Case No. 8:08-CR-441-T-17MAP

assert, and the plea agreement in this case may become a relevant document in a related civil case. After consideration, the Court denies the Motion to Have Coast Bank Borrowers Recognized as Crime Victims.

The Court further denies the Motion for Disclosure of Portions of Pre-Sentence Report due to lack of standing. The Court also overrules the Objection to Report and Recommendation due to lack of standing. Accordingly, it is

**ORDERED** that the Motion to Have Coast Bank Borrowers Recognized as Crime Victims is **denied**, the Objection to Report and Recommendation is **overruled**, and the Motion for Disclosure is **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 14th day of November, 2008.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record